

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 30, 1947

Overruled by C-612

Hon. Sherwood Brown, Jr.
County Attorney
Galveston County
Galveston, Texas

Opinion No. V-469

Re: Authority of a com-
missioners' court to
purchase an automo-
bile for the county
juvenile officer with
money seized in a
gambling house raid.

Dear Sir:

Reference is made to your letter and enclo-
sures of recent date wherein you request the opinion of
this Department on the following question:

"Does the County Auditor have authority
to advertise for and purchase an automobile
for the Juvenile Officer of Galveston County,
Texas, with money seized in a gambling house
raid, said money being declared confiscated
by an order of the District Judge under the
provisions of Article 637, Penal Code of
Texas, and delivered to the County by said
order upon the condition that it be used for
that purpose, where said money was deposited
by the County Auditor in the General Fund,
and where there is no provision under the
law permitting the purchase by the County of
Galveston of an automobile for the Juvenile
Officer?"

This Department, following the decisions of
the Texas courts, has repeatedly held that the Commis-
sioners' Court is a Court of limited jurisdiction and
has only such powers as are conferred upon it by the
statutes and Constitution of this State, either by ex-
press terms or by necessary implication. Sec. 18 of
Art. V, Constitution of Texas; Art. 2351, V.C.S.; Von
Rosenberg vs. Lovett, 173 S.W. 508; Galveston, H. & S.
A. Ry. Co. vs. Uvalde County, 167 S.W. (2d) 1084; 11
Tex. Jur. 564.

In former Opinion No. O-5812 dated February 9, 1944, this Department had under consideration the authority of the Commissioners' Court to purchase automobiles for the county judge, county tax assessor-collector and county probation officer, all to be used in the performance of official business. In advising that the Legislature of Texas, in the absence of a special County Road and Bridge Law, and under provisions of the general law, had granted authority to Commissioners' Courts to purchase automobiles for only the sheriff and the district attorney or criminal district attorney in certain counties, and for no other county officials. The opinion used the following language:

"No other statutory or constitutional authority exists, so far as we have been able to ascertain, whereby a Commissioners Court may furnish or allow an automobile for the use of any county or district officials, other than those hereinabove listed.

"It is a familiar rule of construction that the specification of one particular class, excludes all other classes. State v. Mapel, (Civ. App.) 61 S.W. (2d) 149. Also see 39 Tex. Jur., p. 188, par. 100, in which the 'expressio unius' rule (the expression of one thing is exclusive of another) is discussed. Said rule of construction clearly has application to the questions now under consideration. The Legislature has, by general law, only designated two classes of officers that might be allowed automobiles for official use by the Commissioners' Court. They are sheriffs and certain District Attorneys or Criminal District Attorneys as aforesaid. Not having so designated any other officer or officers to whom the Commissioners' Court might furnish or allow automobiles for official use, the Legislature has granted no authority by general law to said Court to furnish or allow automobiles for such use to any officials other than those already named."

We are aware of the special road law, with the amendment thereto, under which Galveston County operates. However, we find no authority contained in it for the purchase of an automobile for the county juvenile officer of Galveston County.

Turning directly to the question now under consideration, we quote Sec. 3 of Art. 637, V.P.C., in part, as follows:

"If upon a hearing of the matter referred to in Art. 636, Penal Code of Texas, the Justice of the Peace, County Judge or District Judge before whom the cause is pending, shall determine that the property seized is a gaming table, bank or gambling paraphernalia and equipment per se, or if the Justice of the Peace, County Judge or District Judge shall determine that the same, or any part thereof, was in fact used as equipment or paraphernalia for gambling house or was being used for gaming purposes, then any money or coins seized in or with said equipment or paraphernalia shall, by order of the Court, be declared confiscated, and the Court shall cause the same to be delivered to the State of Texas or any political subdivision thereof, or to any State institution to be used by it for its own use and benefit, or the Court may in its discretion order such money or coins to be delivered to the Grand Jury of the county in which such equipment or paraphernalia was seized, to be used by said Grand Jury for the purpose of investigating the violations of the gaming laws of this State or for the purpose of investigating violations of any of the provisions of the Penal Code of this State. . ."

This statute gives the magistrate hearing a gambling case the option of disposing of any confiscated money to the State, a political subdivision, a State institution or to a Grand Jury. In the present instance, the District Judge elected to deliver the $1710.60 confiscated in a gambling house raid to Galveston County burdened, however, with an express condition as to its future use.

We quote Art. XVI, Sec. 24, Constitution of Texas, and Arts. 1626 and 1628, V.C.S. as follows:

"Sec. 24. The Legislature shall make provision for laying out and working public roads, for the building of bridges, and for utilizing fines, forfeitures, and convict labor to all these purposes."

Art. 1626 reads as follows:

"Claims against a county shall be registered in three classes, as follows:

"1. All jury scrip and scrip issued for feeding jurors.

"2. All scrip issued under the provisions of the road law or for work done on roads and bridges.

"3. All the general indebtedness of the county, including feeding and guarding prisoners, and paupers' claims."

Art. 1628 reads as follows:

"The funds received by the county treasurer shall be classed as follows, and shall be appropriated, respectively, to the payment of all claims registered in the first, second and third classes:

"1. All jury fees, all money received from the sale of estrays, and all occupation taxes.

"2. All money received under any of the provisions of the road and bridge law, including the penalties recovered from railroads for failing to repair crossings, <u>and all fines and forfeitures</u>.

"3. All money received, not otherwise appropriated herein or by the commissioners court."
(Underlining supplied)

Forfeiture is the loss of lands and goods to the State, as the consequence of crime, and is distinguishable from confiscation in that the latter is the consequence of the former. Forfeiture is the result which the law attaches as an immediate and necessary consequence to the illegal acts of the individual; confiscation implies the action of the state, and property, although it may be forfeited, cannot be said to be confiscated until the government has formally claimed or taken possession of it. Black's Law Dictionary, 3rd Ed.

Clearly a forfeiture has occurred in this case, and the forfeited property has been confiscated by the State. Following the plain import of the above quoted constitutional and statutory mandates, if the District Judge gives the $1710.60 to Galveston County, it is to be deposited in the road and bridge fund of Galveston County. Once in the road and bridge fund, it becomes county funds for all intents and purposes and is to be expended by the commissioners' court as the Constitution and statutes direct that road and bridge funds should be spent.

The Commissioners' Court of Galveston County is powerless to fulfill the condition placed upon the use of the $1710.60 delivered to it under the terms of Art. 637, V.P.C., in the absence of statutory or constitutional authority. The Commissioners' Court can function only where authority has been conferred upon it and in this instance no authority to expend county funds for an automobile for the county juvenile officer exists.

In view of the foregoing, we are of the opinion that the county auditor of Galveston County has no authority to advertise for and purchase an automobile for the county juvenile officer with money confiscated and delivered to Galveston County under the circumstances you have outlined.

## SUMMARY

A commissioners' court has no authority to purchase an automobile for the county juvenile officer with money seized in a gambling raid and declared confiscated by a district court and delivered to the county upon condition that it make such purchase. Sec. 3, Art. 637, V.P.C., Sec. 24, Art. XVI, Texas Const., Art. 1628 V.C.S., Opinion No. 0-5812.

Yours very truly

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

JTB/djm/lh/erc

ATTORNEY GENERAL OF TEXAS

By  *James T. Bryan*

James T. Bryan
Assistant